```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION
```

| | |
|---|---|
| DONNIE BROWN, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
|  v. | )   No. 13 C 2238 |
| | ) |
| OFFICER RICH YI, et al., | ) |
| | ) |
|       Defendants. | ) |

## MEMORANDUM ORDER

When Donnie Brown ("Brown") originally sued the City of Chicago and two of its officers--Rich Yi ("Yi") and Robert Schwandt ("Schwandt")--in Case No. 12 C 754, this Court dismissed that action as premature under the teaching of <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). Now Brown's counsel has refiled the identical Complaint as Case No. 13 C 2238 by the simple expedient of taking a photocopy of the 2012 lawsuit, striking the old case number in the caption and handwriting in the new case number. That however leaves a critical question unanswered, prompting the issuance of this memorandum order.

Complaint ¶¶10 through 19 refer to the operative conduct by Yi and Schwandt as having taken place in late 2007. Later events, such as Brown's trial and conviction and the reversal of that conviction by the Illinois Appellate Court (Complaint ¶30), are left undated--but most importantly, the ultimate resolution of Brown's appellate efforts before the state courts has been

left entirely unstated.[1]

It is therefore impossible for this Court to determine whether Brown has a viable federal lawsuit yet, or whether <u>Heck v. Humphrey</u> still stands in the way. Accordingly Brown's counsel are ordered on or before April 19, 2013 to amend the Complaint to provide the missing information.[2]

_____
Milton I. Shadur
Senior United States District Judge

Date: April 2, 2013

---

[1] In the City of Chicago's July 2012 motion to dismiss the earlier lawsuit on <u>Heck v. Humphrey</u> grounds, it referred to the appeal before the Appellate Court as still pending (the Illinois Supreme Court, in denying leave to appeal, had directed the Appellate Court to retain jurisdiction). Yet Brown's counsel has seen fit simply to duplicate the earlier Complaint (filed in February 2012) without a word of explanation as to what has happened in the interim.

[2] All of Brown's other claims are advanced under state law, and the missing information is also needed to determine whether those contentions are timely filed.